**BRYAN, Exr. v BRYAN et**

Probate Court of Tuscarawas Co.

Decided October 7, 1939.

Harry H. Hostetler, Dover, for plaintiff.

## OPINION

By LAMNECK, J.

John C. Helwig died testate on January 3, 1939, and thereafter Eugene S. Bryan was appointed executor of his estate. On July 29, 1939, the executor filed a petition asking for a construction of the will of said John C. Helwig, the pertinent parts of which read as follows:

Item. 2. I give and bequeath to the heirs of Maria Bryan, Leeman D. Helwig, heir of George B. Helwig and the heirs of Margaret Ecker, all my personal property and personal effects to be divided among them as they may agree, or by lot if they can not agree to a division. This item shall not include any money or certificate or any chose or choses in action.

Item 3. All money, notes, certificates of stock and choses in action shall be divided as follows, to-wit: Carrie Winklepleck, as heir of her mother Sarah Winklepleck shall have her mother's share entire; and Estella Bryan and her sister Blanche are to have their mother's share as if she herself were living.

Item 4. I give and bequeath to Carrie Winklepleck, Leeman D. Helwig, the heirs of my deceased sister Mary H. Gray, and Margaret Ecker, each a one-fifth interest; and to Estella Bryan and Blanche Bryan, each a one-tenth interest in the proceeds of any money that may be derived from the sale of my real estate, after costs and expenses of such sale are paid. I direct that my real estate shall be sold by my executor hereinafter named and the proceeds divided as herein directed.

Under item two, the heirs of Maria Bryan living at the testator's death were five of her children. The only heir of Margaret Ecker is the daughter Minnie D. Strickroth. It is thus apparent that the property under item two is distributed among seven persons.

The decedent's real estate was sold by him during his life time, and consequently item four would have no effect, even though part of the purchase price of the real estate is represented by notes and a mortgage on said real estate. It is well settled that where real estate has been devised in a will and the testator sells such real estate before his death, it is adeemed and the devise becomes extinct, **Ellard v Ferris, 91 Oh St 339.**

Under item three, the testator wills the "share" of Sarah Winklepleck to Carrie Winklepleck and Estella and Blanche Bryan are to have their "mother's share".

It appears from the evidence in this case that the decedent had five brothers and sisters, viz., Sarah Winklepleck, Mariah Bryan, George B. Helwig, Margaret Ecker and Mary H. Gray, who predeceased the testator.

From this language it must be assumed that the "share" of Sarah Winklepleck willed to Carrie Winklepleck, her daughter, means one-fifth of "all moneys, notes, certificates of stock and choses in action", owned by the testator; and likewise Estella Bryan, and Blanche Bryan were bequeathed each a 1/10 part of such property, representing the share their mother would have inherited had there been no will and if she would have survived the testator.

The will is silent as to the disposition of the other 3/5 of such property. Can it be inferred that this 3/5 was willed to the other heirs at law of the deceased

to the exclusion of the heirs of Sarah Winklepleck and Mariah Bryan?

It is possible for a testator to dispose of property, not by any formal disposition in his will, but by necessary implication from the will taken as a whole. The presumption is very strong, however, against his having intended any devise or bequest which he has not set forth in his will. Page on Wills, Section 819.

Under the decisions of our courts, the statute of descent operates upon all intestate property and the course which it indicates can be changed only by testamentary disposition. **Mathews v Krisher, 59 Oh St 562.**

The court must therefore hold that no disposition was made of 3/5 of "all money, notes, certificates of stock and choses in action" in the will of the testator.

As to other 2/5, Carrie Winklepleck, Estella Bryan and Blanche Bryan all died without issue before the testator.

**Sec. 10504-73 GC** reads as follows:

When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator. If such devisee leaves no issue and the devise be of a residuary estate or of the entire estate after (a) debts, (b) other legacies and devises, general or specific, (c) a life estate, or (d) any other interest less than a fee or absolute ownership, to such devisee and one or more children or relatives of the testator, the estate devised shall pass to and vest in such other devisee or devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition be made or required by the will.

It would appear that this section would have no application to this item unless it could be considered a residuary clause. All of the parties mentioned in item three are relatives of the testator. But since this item did not dispose of all of the remaining estate, it is plain that it has no application.

Since there is no other clause disposing of this property, and there being no residuary clause, the 2/5 in question must descend as intestate property. **Stevens v Hill, 1 OO 247.**

It will therefore be held that the true intentions and construction of said will is as follows:

1. That the testator intended to give and did give all of his "personal property and personal effects" exclusive of the personal property listed in item four of his will to the persons and in the proportions following, to-wit:

| | | |
|---|---|---|
| John H. Bryan | — | 1/7 |
| Homer G. Bryan | — | 1/7 |
| Eugene S. Bryan | — | 1/7 |
| Nelle Schlegel | — | 1/7 |
| George W. Bryan | — | 1/7 |
| Leeman D. Helwig | — | 1/7 |
| Minnie D. Strickroth | — | 1/7 |

subject to the condition that if said persons can not agree to a division thereof, such division shall be decided by lot.

The court finds that the decedent died possessed of no other property except "money, notes, certificates of stock and choses in action", and that as to such property said decedent died intestate.